IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LENDELL BEAMON, | ) ) ) |
| Plaintiff, | ) ) ) CASE NO. 3:19-cv-334-ALB |
| v. | ) ) |
| MICHAEL G. BROWN, an individual; GEICO CASUALTY COMPANY, a foreign corporation doing business in Alabama; | ) ) ) ) ) ) |
| Defendants. | |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Michael Brown's motion to dismiss for lack of subject-matter jurisdiction. (Doc. 23). Christopher Beamon ("Plaintiff") filed the initial action and alleged three state-law violations against Michael Brown ("Defendant") over a motor vehicle accident that occurred in Auburn, Lee County, Alabama. (Doc. 1). Plaintiff invoked diversity jurisdiction under 28 U.S.C. § 1332 and the parties agree, as they must, that for this Court to have diversity jurisdiction, the Plaintiff and Defendants must be completely diverse, meaning no defendant can reside in the same state as Plaintiff.

Plaintiff is a citizen of the state of Alabama. Although Plaintiff states in his complaint that Defendant Brown is also a resident of Alabama, Plaintiff now claims

that Defendant Brown is a Georgia resident. As explained below, Plaintiff has not achieved complete diversity. Upon consideration, Defendant Brown's motion to dismiss is GRANTED.

## **STANDARD**

The standard of review for a motion to dismiss for lack of subject-matter jurisdiction is the same as one for lack of legal sufficiency. *See Pennsylvania Nat. Mut. Cas. Ins. Co. v. St. Catherine of Siena Par.*, 2014 WL 1048520, at *1 (S.D. Ala. Mar. 18, 2014). The one key difference is that "in dismissing a case for lack of subject-matter jurisdiction, a district court may consider facts outside of the pleadings." *Muhammad v. HSBC Bank USA, N.A.*, 399 F. App'x 460, 462 (11th Cir. 2010). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the parties are citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

Plaintiffs are responsible for alleging facts that if true, show federal subject-matter jurisdiction exists over their case. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). When a plaintiff invokes diversity jurisdiction, he must include the citizenship of each party so the court can ascertain whether the plaintiff and defendant are citizens of different states. *See id.* (citing *Triggs v. John Crump*

*Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).  Citizenship is determined by two elements, (1) physical presence in a state and (2) the intention to remain in the state indefinitely.  *See Miss. Band of Choctaw Indians v. Holy-field*, 490 U.S. 30, 48 (1989); *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir.1984).  Relevant evidence is collected from the circumstances existing at the time of the complaint and before.  *See Shawnee Terminal R. Co., Inc. v. J.E. Estes Wood Co., Inc.*, 2010 WL 5239248, *2 (S.D. Ala. 2010).

## BACKGROUND

On May 8, 2019, Plaintiff filed a complaint against Defendant Brown alleging three state-law violations resulting from a traffic accident.  *See* Doc. 1.  Plaintiff also sought to join his insurance company, GEICO.  Defendant Brown filed a motion to dismiss on August 15, 2019, alleging that Plaintiff could not invoke diversity jurisdiction because they are both residents of Alabama.  *See* Doc. 23.  Indeed, in the first three paragraphs of Plaintiff's complaint, he anomalously invokes this Court's diversity jurisdiction and states that both he and Defendant Brown are citizens of Alabama.  *See* Doc. 1 ¶1-3.

Over a month later, on September 17, 2019, Plaintiff filed a response arguing that he had misstated Defendant's citizenship in the original complaint, arguing that Defendant is a citizen of Georgia, and asking the Court to allow an amendment of the complaint.  *See* Doc. 29 at 1-3.  The grounds for Plaintiff's new proposed

3

allegation of citizenship are that Defendant Brown has a Georgia driver's license, his vehicle is registered in Georgia, he is registered to vote in Georgia, and his Facebook page states that he lives in Macon, Georgia. *See id.* at 3-5.

On October 1, 2019, Defendant Brown filed a reply to Plaintiff's response averring that he is a citizen of Alabama. *See* Doc. 33. As of the date the complaint was filed, Defendant Brown had been living in Alabama for three years. *See id.* at 2-3. The complaint was served to Defendant at his Birmingham, Alabama address where he lives and works full-time. Finally, Plaintiff filed a response to Defendant's reply in which he calls Defendant's evidence of long-term residential intent "assertions" and states that the truly determinative factors are Defendant's driver's license and car registration. *See* Doc. 35 at 1-2.

## **DISCUSSION**

Subject-matter jurisdiction in this action turns on whether Brown is a citizen of Georgia or Alabama. For the purpose of subject-matter jurisdiction, citizenship is determined by (1) physical presence within a state and (2) the mental intent to make a home there indefinitely. *See McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998). There is no dispute that Defendant Brown lived in Alabama prior to, during, and after the accident and the filing of this lawsuit. The second issue, mental intent, is more difficult to prove. Here, however,

4

overwhelming evidence indicates that Defendant intends to remain in Alabama indefinitely. Accordingly, he is a citizen of Alabama, and the Court lacks subject-matter jurisdiction over this lawsuit.

"For adults, domicile[1] is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011) (citing *Miss. Band of Choctaw Indians*, 490 U.S. at 48). Physical presence is not dispositive because one may temporarily reside in a location but retain domicile elsewhere if there is no intent to remain in the state of residence indefinitely. *See id*. The law does presume, however, that a person is a citizen of the state in which that person resides. *See McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. July 30, 1998) (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir.1954)). Despite certain ties to Georgia, the record reflects that Defendant Brown made Alabama his home by residing in it for three uninterrupted years, as well as securing a job, an apartment, and a fiancé in Alabama.

Although Plaintiff acknowledges that Brown maintains a Birmingham, Alabama residence, he argues that Brown has substantial ties to his birth-state of

---

[1] For the purposes of this analysis the words "domicile" and "citizenship" are used interchangeably.

Georgia that indicate he does not intend to reside permanently in Alabama. Specifically, Plaintiff argues that Brown holds an active driver's license in the state of Georgia that lists 105 Brown Ridge in Macon, Georgia as his address, *see* Doc. 30 at 4, that he was registered to vote in Georgia, that his vehicle was registered in the state of Georgia, *see* Doc. 30 at 6, 12, and that he listed Macon, Georgia as the placed he lived on his Facebook page. Plaintiff explains that Alabama law requires new residents to obtain an Alabama driver's license and register their vehicle in the state within 30 days. *See* Ala. Code § 32-6-1(a); Ala. Code § 40-12-262. Plaintiff alleges that Brown's failure to comply with these statutes, as well as his presentation as a Georgia native in civic and social capacities through his voter registration and Facebook page, are proof that Georgia is in fact Brown's home.

      The overwhelming evidence, however, indicates that Brown lives in Alabama with the intention to remain indefinitely. Brown is a recent graduate of Auburn University and currently resides in Birmingham, where he has lived and worked full-time with his fiancé since graduating in August of 2018. *See* Doc. 33 at 2. He asserts that he has not lived in Georgia since the summer of 2016. *See* Doc. 33-1 at 2. The address listed on his driver's license is his childhood home where his parents live, and Defendant Brown states that he has no intention to return to that home. *See id*. at 5. He explains that he has held both a full-time job at Gateway Pharmaceuticals and a part-time job at Neighborhood Pharmaceuticals—both in Birmingham. *See*

*id.* at 3. When Gateway permanently closed, he began working full-time for Neighborhood and was employed there at the time the complaint was filed. *See id.* In short, job changes did not prompt a move back to Georgia. He states in his affidavit that he and his fiancé do not intend to leave the state.

Defendant explains that he maintained his Georgia license and registration out of convenience because his license was not expired, and he was unaware of any law requiring that he update his license and registration with his current address. *See id.* at 5. To the extent that Brown's social media indicates he lives in Georgia, Defendant asserts that too is merely a failure to update information.

While courts may consider voting registration, licensure, and vehicle registration, the totality of the circumstances reigns supreme. *See McDonald*, 13 F. Supp. at 1281. Here, current habitation and employment, a fiancé, a lease, and a three-year period of residence are all strong evidence that Brown resides in Alabama with the intent to remain indefinitely. The record before the Court also indicates that Brown has not lived in Georgia for over three years. Defendant adequately explains that his ties to Georgia are remnants of his childhood residence there—they are not an indication that he plans to move back. This is particularly credible given that he is now an independent adult with his own apartment and a fiancé, and there is nothing in the record to indicate that he intends to move back in with his parents. Thus, Defendant's motion is due to be granted.

## **CONCLUSION**

The Defendant's Motion to Dismiss for Lack of Subject-matter Jurisdiction is **GRANTED**. (Doc. 23). Defendant GEICO's motion for Extension of Time to opt out (Doc. 22) is **DENIED** as moot. This suit is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**DONE** and **ORDERED** this 6th day of February 2020.

                                                    /s/ Andrew L. Brasher
                                        ANDREW L. BRASHER
                                        UNITED STATES DISTRICT JUDGE